UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:22-cv-00222-FDW-DSC

| | |
|---|---|
| QUAIL RUN ON SHARON LAKES CONDOMINIUM ASSOCIATION, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SCOTTSDALE INSURANCE COMPANY, )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court on Plaintiff's Motion to Dismiss Without Prejudice and Memorandum in Support, (Doc. No. 12; Doc. No. 13), filed on October 13, 2022, and the parties' Consent Motion to Stay Deadlines Pending Ruling on Motion to Dismiss, (Doc. No. 16), filed on December 1, 2022. The motions have been fully briefed and are ripe for review. (See Doc. No. 14; Doc. No. 15). For the reasons set forth below, the Court DENIES Plaintiff's Motion to Dismiss, GRANTS IN PART and DENIES IN PART the parties' Consent Motion to Stay Deadlines.

Plaintiff Quail Run on Sharon Lakes Condominium Association, Inc. ("**Plaintiff**") filed its Complaint against Defendant Scottsdale Insurance Company ("**Defendant**") in Mecklenburg State Court on March 25, 2022, asserting a claim for breach of contract stemming from Defendant's alleged refusal to honor the terms of the common insurance policy Defendant issued when Plaintiff's condominiums suffered storm-related damage in July of 2020. (Doc. No. 1-1). Defendants removed this action to this Court under diversity jurisdiction on May 18, 2022, (Doc.

1

No. 1), and filed its answer on June 15, 2022, (Doc. No. 8). The Court's July 6, 2022, Pretrial Order and Case Management Plan established the following deadlines: discovery is to be due by January 4, 2023; dispositive motions are to be due by February 1, 2023; mediation is to take place by January 18, 2023; and the jury trial is to take place during the trial term beginning on May 1, 2023. (Doc. No. 10, p. 1). Plaintiff filed its Motion for Voluntary Dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, asserting that this Court should grant Plaintiff's Motion, allowing voluntary dismissal of this action without prejudice. (Doc. No. 13, p. 4). Defendants contend that given the stage of litigation and the imminence of the deadlines set forth in the Case Management Plan, Defendants would suffer unfair prejudice were this Court to allow for the voluntary dismissal of this action. (Doc. No. 14, p. 4, 7). The parties then filed the Joint Consent Motion to Stay Deadlines pending this Court's ruling on Plaintiff's Motion for Voluntary Dismissal in light of Plaintiff's counsel's mother's recent cancer diagnosis. (Doc. No. 16).

Rule 41(a)(i) establishes that a plaintiff may voluntarily dismiss an action without prejudice as long as they do so "before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(i). Where the opposing party has filed an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). In determining whether voluntary dismissal is proper, the Fourth Circuit has established that "the district court must focus primarily on protecting the interests of the defendant," Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987), and courts will generally allow voluntary dismissal "unless the parties will be unfairly prejudiced." Howard v. Inova Health Care Servs., 302 F. App'x 166, 178 (4th Cir. 2008). In analyzing Rule 41(a)(2) motions, the Fourth Circuit has held that courts must look to the following

2

four factors: "the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation." Id. at 178–79 (internal quotations omitted).

After careful review of the parties' briefings, the Court agrees with Defendant that it would be unfairly prejudiced by Plaintiff's voluntary dismissal of this action. Defendant has incurred substantial effort and expense in complying with this Court's Case Management Plan deadlines and preparing for trial. (Doc. No. 14, p. 4). Prior to Plaintiff's Motion to Dismiss, Defendants: removed the action to federal court; filed its answer; participated in the Rule 26(f) conference; prepared the Rule 26(f) report; prepared initial disclosures; issued interrogatories, requests for production, and requests for admission; prepared witness subpoenas; retained expert witnesses, developed expert testimony, and obtained expert reports; began preparation for depositions; and began preparation of a motion for summary judgment. Id. Further, considering the present stage of litigation, and with the imminent deadlines for the completion discovery, mediation, and dispositive motions set during the next two months, this Court finds that voluntary dismissal would cause Defendant to suffer clear legal prejudice.

Accordingly, Plaintiff's Motion to Dismiss Without Prejudice is DENIED. Further, the Court finds a stay of all pending deadlines unwarranted at this time and exercises its discretion "to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). Thus, the Joint Consent Motion to Stay Deadlines is DENIED IN PART to the extent it seeks a stay of the deadlines in this case. Nevertheless, to accommodate Plaintiff's counsel's family obligations, as set forth in the parties' Motion, (Doc. No. 16), the Court finds that extending the deadlines as

3

set forth in the Case Management Plan by thirty (30) days is an effective and less drastic alternative remedy. As such, the Consent Motion is GRANTED IN PART, and the Pretrial Order and Case Management Plan (Doc. No. 10) shall be modified to reflect the thirty-day extension. However, Plaintiff's counsel shall take notice that if she is not confident that she will be able to remain fully focused on this case and provide her client with all necessary services in this proceeding between this Order and trial, she must find either new counsel to replace her, or co-counsel to assist her.

IT IS THEREFORE ORDERED that:

(1) Plaintiff's Motion to Dismiss Without Prejudice (Doc. No. 12) is DENIED.

(2) The parties' Joint Consent Motion to Stay Deadlines Pending Ruling on Motion to Dismiss (Doc. No. 16) is DENIED IN PART to the extent it seeks to stay all deadlines in this matter and GRANTED IN PART to allow a thirty-day extension to the Case Management Plan.

(3) The Pretrial Order and Case Management Plan (Doc. No. 10) shall be MODIFIED as follows: discovery shall be due by February 4, 2023; mediation shall be completed by February 18, 2023; dispositive motions shall be filed by March 4, 2023; oral arguments on dispositive motions will be held between April 3–6, 2023; and counsel should be prepared to proceed to trial at the first available mixed term of court commencing on July 10–21, 2023.

IT IS SO ORDERED.

Signed: December 5, 2022

Frank D. Whitney
United States District Judge